■ In the Matter of LANSDOWN ENTERTAINMENT CORPORATION, Doing Business as THE LIMELIGHT, Respondent, v NEW

YORK CITY DEPARTMENT OF CONSUMER AFFAIRS et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (David Saxe, J.), entered December 29, 1986, which declared and adjudged that respondents failed to demonstrate that the purpose of section B32-303.0 of the Administrative Code of the City of New York is to regulate subject matter within the locality's police power and only incidentally infringes on the sale of liquor; declared and adjudged section B32-303.0 of the Administrative Code invalid; ordered and adjudged that respondents are enjoined from enforcing section B32-303.0 of the Administrative Code; and annulled the respondents' determination prohibiting petitioner to remain open after the hour of 4:00 A.M. and requiring petitioner to pay a $100 fine, unanimously modified, on the law, to vacate that part of the order and judgment holding that section B32-303.0 is invalid and enjoining enforcement of the statute, and instead declare that such section of the Administrative Code is inapplicable to establishments which are also licensed pursuant to the State Alcoholic Beverage Control Law to sell liquor at retail for consumption on premises and that Administrative Code § B32-303.0 (renum § 20-367) is otherwise valid, and enjoin the respondents from enforcing this section of the Administrative Code against such establishments, and otherwise affirmed, without costs.

Petitioner operates the popular discotheque "The Limelight" which is licensed as a "cabaret" by the respondent New York City Department of Consumer Affairs pursuant to subchapter 20 of chapter 2 of title 20 of the Administrative Code of the City of New York (the Cabaret Law). The Limelight is also licensed to sell liquor for consumption on its premises pursuant to the New York State Alcoholic Beverage Control Law.

The Cabaret Law applies to public dance halls, cabarets, and catering establishments. While each of these types of businesses is defined with specificity (Administrative Code § 20-359), none of the definitions specifically refers to the selling of alcoholic beverages. A "cabaret" is defined as: "Any room, place or space in the city in which any musical entertainment, singing, dancing or other form of amusement is permitted in connection with the restaurant business or the business of directly or indirectly selling to the public food or drink, except eating or drinking places, which provide incidental musical entertainment, without dancing, either by mechanical devices, or by not more than three persons." (§ 20-359 [3].) The Cabaret Law requires premises to be licensed by the

New York City Department of Consumer Affairs and regulates the conduct and operation of licensed premises.

Petitioner is charged with violating the provision of the Cabaret Law which requires licensed cabarets to close between the hours of 4:00 A.M. and 8:00 A.M. (Administrative Code § B32-303.0, renum § 20-367). Petitioner contends that the State law regulating operating hours for establishments licensed to sell liquor (Alcoholic Beverage Control Law § 106 [5]) preempts the Administrative Code of the City of New York provisions.

The relevant provision of the Cabaret Law reads as follows: "Places closed to public within certain hours.—Premises licensed hereunder shall not be kept open for business, nor shall the public be permitted to enter or remain therein, between four ante meridian and eight ante meridian". (Administrative Code § B32-303.0, renum § 20-367.)

The New York State liquor laws regulate hours as follows:

"No alcoholic beverages shall be sold, offered for sale or given away upon any premises licensed to sell alcoholic beverages at retail for on-premises consumption, during the following hours * * *

"between four antemeridian and eight antemeridian * * *

"Nor shall any person be permitted to consume any alcoholic beverages upon any such premises later than one-half hour after the start of the prohibited hours of sale provided for in this section." (Alcoholic Beverage Control Law § 106 [5].)

On July 6, 1985, two New York City Department of Consumer Affairs inspectors visited the Limelight at 3:50 A.M. The various bars located on the premises were closed, but approximately 60 patrons remained past 4:00 A.M. The Department of Consumer Affairs charged petitioner with a violation of the Cabaret Law as a result of this incident and held an administrative hearing. At the hearing, the petitioner stipulated to the facts. Petitioner argued, as it does on this appeal that since it is licensed by the State Liquor Authority pursuant to the State law, the State law preempts local law with respect to hours of operation. Since the Hearing Officer for the New York City Department of Consumer Affairs found that it was beyond the jurisdiction of his tribunal to address this issue he did not do so. Based on the stipulated facts, the Hearing Officer found a violation of the local law. The Department of Consumer Affairs accordingly issued an order directing petitioner to cease the prohibited activity and imposed a $100 fine. An administrative appeal was denied.

Petitioner commenced this CPLR article 78 proceeding challenging the administrative determination. Since the petition also challenged the validity of the statute, the motion court converted the article 78 proceeding into a declaratory judgment action and found that the State law preempted the local law. Relying on *People v De Jesus* (54 NY2d 465), the court held that the Alcoholic Beverage Control Law is exclusive and State-wide in scope and that under the doctrine of preemption a local law cannot intrude on this exclusive State regulation of establishments selling alcoholic beverages unless the local law is of general application and only incidentally infringes on the sale of liquor. Finding that respondent had failed to demonstrate that the Cabaret Law is a law of general application, the court concluded that the local law constituted an improper intrusion into an area within the exclusive province of the State and declared section B32-303.0 of the Administrative Code of the City of New York invalid.

We find that the motion court's declaration that Administrative Code § 20-367 is invalid is too broad in response to the circumstances of this case. While we agree that the State Alcoholic Beverage Control Law preempts the local law, insofar as it relates to establishments which are also licensed pursuant to the Alcoholic Beverage Control Law, the local law need only be declared inapplicable to such establishments.

The Cabaret Law requires that premises licensed thereunder shall close for business between the hours of 4:00 and 8:00 A.M., and also prohibits the public from entering or remaining on the premises. However, the State liquor laws only prohibit licensed establishments from *selling* alcoholic beverages on their premises between the hours of 4:00 and 8:00 A.M. The State law does not prohibit patrons from remaining on licensed premises during those hours, however, and it specifically permits customers to consume alcoholic beverages for one-half hour after the start of the prohibited hours of sale.

When a State law imposes a regulatory scheme that is detailed and comprehensive and is designed to occupy the entire field, it is preemptive of the area and prohibits additional regulation of the subject matter by local authorities. *(E.g., Robin v Incorporated Vil. of Hempstead,* 30 NY2d 347.) In the leading case of *People v De Jesus* (54 NY2d 465, *supra),* the Court of Appeals held that for these reasons the State Alcoholic Beverage Control Law is preemptive of local law in the field of alcohol regulation and control and that no local government may legislate in this field. Accordingly, in *De Jesus* the court struck down an ordinance of the Rochester

Municipal Code which required that no person shall patronize an establishment selling alcoholic beverages after 2:00 A.M., because it contravened the same State law here at issue which allows licensed establishments to stay open and sell alcoholic beverages until 4:00 A.M. and allows patrons to remain and consume alcoholic beverages for one-half hour longer (Alcoholic Beverage Control Law § 106 [5]).

A local law which only incidentally touches on the regulation of alcohol is not invalid under the theory of preemption if it is a law of general application designed to regulate a subject matter within the local police power. To illustrate the subtle distinctions between those laws which are of "general application" and those which directly affect the sale and consumption of alcohol, the Court of Appeals in *People v De Jesus (supra,* at 471) cited laws involving the public health and safety, such as those requiring smoke alarms in all business premises, forbidding dumping of refuse on city sidewalks, or prohibiting disorderliness at any " 'place of public resort' ", as examples of laws of "general application" from which establishments selling alcoholic beverages are not exempt. In distinction, the court cited local laws which restrict the activity of patrons in establishments which sell alcoholic beverages or restrict the hours of operations of such establishments as those which directly affect matters regulated by the State law and which are preempted.

While other sections of the Cabaret Law are of general application *(see, e.g.,* Administrative Code § 20-361 [a] [2], [3]), the section of the Cabaret Law here at issue does not fall into this described class of local laws of "general application" nor does it only incidentally impinge on the regulation of liquor. Rather, it directly affects the sale and consumption of liquor by imposing restrictions on the times when patrons may remain in cabarets which are regulated in this regard by the State liquor laws. Even though the Cabaret Law is also an exercise of the local police power to the extent that it regulates public health and safety standards, that part of the law compelling a business licensed by the State Liquor Authority to close at a time at which customers are otherwise permitted to remain on the premises impermissibly regulates subject matter within the exclusive jurisdiction of the State law. As was stated in *People v De Jesus (supra,* at 472), "by prohibiting persons from patronizing such establishments at times when State law would permit them to do so, the local law, in direct opposition to the pre-emptive scheme, would render illegal what is specifically allowed by State law". Since this

regulatory concern is exclusively governed by State law, Administrative Code § 20-367, as applied to establishments which are also licensed to sell alcoholic beverages for on-premises consumption, is preempted by Alcoholic Beverage Control Law § 106 (5).

When a State law is preemptive of the field, a local government is precluded from legislating on the same subject matter unless it has received clear and explicit authority to the contrary. The scope of this prohibition is not limited to cases of express conflict between the local and State law. On the contrary, even if a local law does not deviate in the slightest from a State law but merely makes minor additions, it must be held invalid if it intrudes in an area that falls within the parameters of the regulatory scheme preempted by the State. *(People v De Jesus, supra; Robin v Incorporated Vil. of Hempstead, supra.)*

In the instant case, section 20-367 directly addresses an area preempted by the State Alcoholic Beverage Control Law and must, therefore, be held to be inapplicable to establishments, such as petitioner, which are subject to the jurisdiction of that State law. Concur—Kupferman, J. P., Sullivan, Ross, Asch and Ellerin, JJ.