Robert C. Mulvey, Esq. County Attorney, Tompkins
You have asked whether a county is authorized to adopt a local law prohibiting the sale of alcoholic beverages by vending machines in hotel/motel rooms.
The recent amendment to the Alcoholic Beverage Control Law (ABCL), L 1989, ch 217, permits the sale of alcoholic beverages by vending machines in hotel/motel rooms. Thus, the county, through the proposed local law, seeks to avoid the operation of State law within the county.
Specifically, the amendment permits a retail licensee for on-premises consumption of alcoholic beverages, who operates a hotel, to sell liquor, beer and wine through a mechanical device or vending machine placed in lodgers' rooms (Alcoholic Beverage Control Law, § 106[17]). Access to the device or machine must be restricted by means of a locking device requiring use of a key, magnetic card or similar device (ibid.). A key, card or other device must be denied, however, to anyone under age 21 and anyone who is visibly intoxicated (ibid.)
In addition to protecting the tourism industry, the recently enacted State law was intended to reduce the number of incidents in which individuals leave their hotel to drink alcohol and then operate an automobile to return to the hotel (Bill Memorandum, S. 2710).
In the leading case on preemption involving the ABCL, the Court of Appeals stated that New York courts "all have recognized that the Alcoholic Beverage Control Law is exclusive and State-wide in scope and that, thus, no local government may legislate in this field" (People vDeJesus, 54 N.Y.2d 465, 470 [1981]).
Relying on People v DeJesus, supra, the court recently decided inLansdown Entertainment Corp. v New York City Dept. of Consumer Affairs,141 A.D.2d 468, 471 (1st Dept, 1988), that "the Alcoholic Beverage Control Law is exclusive and State-wide in scope and that under the doctrine of preemption a local law cannot intrude on this exclusive State regulation of establishments selling alcoholic beverages unless the local law is of general application and only incidentally infringes on the sale of liquor".
The Court of Appeals in People v DeJesus, 54 N.Y.2d 465, 471, gave examples of such local laws of general application as being ones which involve public health and safety such as "requiring smoke alarms in all business premises, . . . forbidding dumping of refuse on city sidewalks, or . . . prohibiting disorderliness at any `place of public resort'".
DeJesus went on to explain that if a local law "impinges impermissibly on the exclusive Alcoholic Beverage Control Law [and] would render illegal what is specifically allowed by State law" (id., at 471, 472).
Since the proposed local law would prohibit the sale of alcoholic beverages by vending machines in hotel/motel rooms in the county, it would intrude on the exclusive control of the ABCL and would render illegal what is allowed by State law in chapter 217. The county's proposed law would be in direct opposition to the preemptive scheme of the ABCL.
We conclude that a county is preempted from passing a local law that prohibits the sale of alcoholic beverages by vending machines in hotel/motel rooms.